113 F.3d 1089
 97 Cal. Daily Op. Serv. 3741, 97 Daily Journal
D.A.R. 6360
GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, Guam Nurses
Association; The Reverend Milton H. Cole, Jr.; Laurie
Konwith; Edmund A. Griley, M.D.; William S. Freeman, M.D.;
and John Dunlop, M.D.; on behalf of themselves and all
others similarly situated, and all their women patients,
Plaintiffs-Appellees,
v.
Joseph F. ADA, in his personal and official capacities, et
al., Defendants-Appellants.
 No. 94-15070.
 United States Court of Appeals,
Ninth Circuit.
 May 19, 1997.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 Prior report: 100 F.3d 691.ORDER
 
 1
 The Order filed on April 16, 1997 is withdrawn. The panel will redesignate that same Order as being "FOR PUBLICATION" and will file it.
 
 ORDER
 
 2
 A majority of the panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 3
 The full court was advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of votes in favor of en banc consideration. Fed.R.App.P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 5
 O'SCANNLAIN, Circuit Judge, with whom KOZINSKI and KLEINFELD, Circuit Judges, join, dissenting from the order rejecting the suggestion for rehearing en banc:
 
 
 6
 A district court may award the prevailing party in a civil rights action "a reasonable attorney's fee." 42 U.S.C. § 1988. A "reasonable fee" is "reasonable compensation," usually a reasonable rate multiplied by a reasonable number of hours. See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). It is not meant to be a "windfall," Blum v. Stenson, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984), nor is it "economic relief to improve the financial lot of lawyers," City of Burlington v. Dague, 505 U.S. 557, 562-63, 112 S.Ct. 2638, 2642, 120 L.Ed.2d 449 (1992).
 
 
 7
 This case called upon the district court to decide whether Guam's ban on abortions was unconstitutional under Roe v. Wade-not exactly rocket science. The district judge considered it "the easiest issue that [he'd] ever been confronted with." Plaintiffs' counsel nevertheless claimed that 1,487 billable hours were reasonably necessary to secure this judicial breakthrough. Surprisingly, the district judge agreed, and awarded counsel $175 for each one of those 1,487 hours. Our divided court affirmed the award, citing statements of Guam attorneys that $175 per hour or more was reasonable given the "magnitude and controversy" of the case and "the considerable hostility the suit engendered in the community."
 
 
 8
 In my view, this kind of bounty to litigate the self-evident proposition that Guam's ban on abortion violates Roe creates perverse incentives for attorneys to run up hours in cases that barely pass the laugh test. As if that were not enough, however, the district court proceeded to double the amount, producing a total award of $443,642.56.
 
 
 9
 We should rehear this case en banc solely on the exceptional importance of remedying such a flagrant abuse of a district court's discretion. Perhaps the more compelling reason to rehear it, however, is to maintain uniformity of decisions. In the Supreme Court's view, one that we are not at liberty to ignore, section 1988 does not authorize such unreasonable and duplicative awards.
 
 
 10
 The district judge doubled the award on the ground that no other attorney on Guam would have taken the case due to its difficulty and undesirability. He relied on vague declarations submitted by local attorneys that an inflated fee was warranted because local attorneys would not represent plaintiffs due to anti-abortion sentiment on the island. Though the irony of that reliance is almost too much to bear, we need not dwell on it. A district court simply cannot use the difficult and controversial nature of a case both to calculate a reasonable fee and then to enhance it. It's called "double counting," and it's not allowed. Dague, 505 U.S. at 562-63, 112 S.Ct. at 2641-42. The Supreme Court explained in no uncertain terms that a district judge may not enhance the lodestar based on difficulty because difficulty necessarily is reflected in a reasonable hourly rate or a reasonable number of hours. Blum, 465 U.S. at 898-99, 104 S.Ct. at 1548. A district judge likewise may not enhance the lodestar due to undesirability after he inflates the hourly rate to reflect undesirability.
 
 
 11
 What the district judge did in this case flies straight in the face of what the Supreme Court says judges cannot do. The dissent to our panel's opinion emphasized how the district court "did not conceal its disdain for defendants' arguments." Quite frankly, I cannot tell whether our circuit has rejected the Supreme Court's moratorium on double counting for "controversial" cases or just allowed political correctness to run amok. Either way, I dissent.
 
 
 12
 HAWKINS, Circuit Judge, concurring in the order rejecting the suggestion for rehearing en banc:
 
 
 13
 The Court rejected the en banc suggestion in this matter and for good reason. The appeal concerned the issue of attorney's fees: a matter particularly within the discretion of the district court that heard the case from start to finish. It is not surprising that 1,487 hours were approved by the district court, for some 97% of them were not contested by the opposing parties. The application of the multiplier also brought the hourly rates to a level for which there was ample support in the record. And while some may feel the case did not involve "rocket science," it is well to remember that the underlying litigation occurred after Webster v. Reproductive Health Services, 492 U.S. 490, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989), but before Planned Parenthood v. Casey, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). Thus, the plaintiffs undertaking the case had to approach it, in terms of building an adequate factual record, as if it might well be the vehicle for overturning Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Finally, the "easiest issue ever confronted" comment by the district court occurred in the course of approving a stipulation to extend the preliminary injunction. This was, of course, long before the great bulk of the attorney effort was undertaken or the case was resolved on the merits.